NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VASU VIJAYRAGHAVAN, AKA Vasumathi Vijayraghavan, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KATHERINE COHAN, individually, <br><br> Defendant - Appellee, <br><br> and <br><br> RIVERSIDE COUNTY OFFICE OF THE DISTRICT ATTORNEY, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, MICHAEL A. HERSTRIN, DA, individually, JOSEPH M. HERNANDEZ, DDA, individually, HEATHER D. FERRIS, DDA, individually, Deputy ORRIS, individually, DOES, 1 through 100, <br><br> Defendants. | No. 25-1345 <br><br> D.C. No. 5:23-cv-00683-SSS-DTB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 8, 2026[]
Pasadena, California

Before: BYBEE and COLLINS, Circuit Judges, and CURIEL, District Judge.[***]

Appellant Vasumathi Vijayraghavan appeals the district court's dismissal of her state law claims against Defendant-Appellee Katherine Cohan. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in dismissing Vijayraghavan's wrongful arrest claim with prejudice. After being granted leave to amend to address the deficiencies noted by the court, Vijayraghavan's operative complaint still failed to allege sufficient facts to raise a plausible inference that Cohan's conduct was a substantial factor in causing her allegedly to be wrongfully arrested without probable cause. *Cox v. Griffin*, 246 Cal. Rptr.3d 185, 193 (Ct. App. 2019); CACI No. 1405 (Feb. 2026); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

2. The district court did not abuse its discretion when it denied Vijayraghavan's motion to further amend her complaint to assert various federal and state claims. *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gonzalo P. Curiel, United States Senior District Judge for the Southern District of California, sitting by designation.

2007). As the district court noted, Vijayraghavan's motion failed to attach a copy of the proposed amended complaint, as required by the district court's local civil rules. *See* C.D. Cal. L. Civ. R. 15-1. A district court may deny a motion for failure to comply with local rules, as it did here. *See Waters v. Weyerhaeuser Mortgage Co.,* 582 F.2d 503, 507 (9th Cir.1978); *Ward*, 473 F.3d at 1000.

3. The district court did not abuse its discretion when it denied Vijayraghavan's motion for reconsideration. *United States v. Mark*, 795 F.3d 1102, 1104 (9th Cir. 2015). "Broad deference is given to a district court's interpretation of its local rules." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007); *see Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002). Accordingly, "[d]enial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012). Here, Vijayaraghavan's motion was untimely under Local Rule 7-18 and she failed to articulate good cause.

4. The district court did not err in dismissing without prejudice Vijayraghavan's state-law claims against Cohan for (1) fraud, conspiracy to commit fraud, forgery, and conspiracy to commit forgery; and (2) defamation, intentional infliction of emotional distress, negligence, and intentional interference with prospective economic advantage. Regardless of whether the district court was correct in concluding that the claims in the first of these two sets were not within

3                                                                    25-1345

the supplemental jurisdiction granted by 28 U.S.C. § 1367(a), any error was harmless because the district court permissibly declined to exercise supplemental jurisdiction over *any* then-remaining state-law claims once all of the federal claims had been dismissed.  *See* 28 U.S.C. § 1367(a)(3); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997); *Bryant v. Adventist Health Sys./West*, 289 F.3d 1162, 1169 (9th Cir. 2002).

**AFFIRMED.**